Thank you, Judge Reinhardt. And again, may it please the Court, my name is Mark Caldwell. I'm representing Karen Garrison this morning in this Social Security appeal. And again, I will keep track of my own time, but I'd like to try to reserve around four or five minutes for rebuttal if I may. This case is, again, the credit is true rule, is again a district court remand for further proceedings. It's a little bit different in one respect. The district court upheld the ALJ determination regarding the claimant's credibility. I addressed that in my brief, I think, pretty thoroughly, that under the clear and convincing standard that was unsupportable. And I'll certainly address any questions the court has, but I don't think that is a big issue in this case. I just think it's pretty clear the ALJ was wrong in that regard. But here again, we have vocational expert testimony. The administrative law judge asked the vocational expert a question, and the administrative law judge admitted that the question was based upon the assessment of the treating neurologist. And that assessment is the ER-665. And the vocational expert testified without contradiction that those limitations would be, would mean that no sustained work could be performed. And that's the ER-115859. The next question was based upon the psychiatric nurse practitioner's assessment. And that assessment is found at ER-1067. And again, the vocational expert said that assuming those limitations, no work could be performed. You know what bothers me, and you can tell me that I'm wrong? The remand here was for payment of benefits. Is that correct? Very clearly, yes. If we do what you ask us to do, will we be required to make certain findings of that? You would be required? No. You would not be required. I'm happy to answer, but you can tell me why. It took me a minute. I wanted to be sure I was right. I think the fact that it took you a minute is because maybe the answer is yes. No, it took me a minute because I wanted to be sure I was right. All right. This Court would not need to make independent findings of fact. This record speaks for itself. The district court has already said. See, the district court thought it didn't. That's why it remanded for further proceedings. It thought it didn't speak for itself. What the district court said, and it could have been a more clear decision, but what The district court said at ER 28 was that a lack of sufficient explanation for why the ALJ rejected this evidence leaves the court without power to remand for determination of benefits. That's the exact opposite of what the credit as true rule is all about. The credit as true rule says if the ALJ fails to give sufficient explanation, we do not send it back for another bite at the apple, for further explanation. We accept that evidence is true. That's the rule. Once this Court decides that that rule applies because of the evidence I just cited in terms of the uncontradicted testimony of the agency's own vocational expert, there are no other issues to be decided. It's the terms of the district court's own order that tell us the error. The district court's order said there was a lack of sufficient explanation. In other words, give a better explanation. That is not what the credit as true rule is all about. The credit as true rule says, essentially, the credit as true rule is balancing of the equities. If we have somebody who's clearly disabled, and I want to stress, they have to be disabled, then we are not going to subject this person to interminable bureaucratic ineptitude for years and years and years and years and years until they finally get around to giving an explanation that's reviewable. We will not do that. We will accept that evidence is true, and if there are no other issues, that must be decided, and the ALJ would be required here because of the vocational expert's own testimony to find disability, then we will remand for payment of benefits. This case is on all fours with that rule. And the district court, with all due respect, Judge Paris, did not remand because there was a conflict in the evidence, because there were other issues to be decided. The district court just said at ER 28 there's lack of a sufficient explanation. That, in and of itself, was the error. The district court did not identify any issues that required resolution on remand, not one. So that is why the credit is true rule should apply in this case. What's your best case that comes close to saying that the credit is true rule applies where, as Judge Sedgwick says, there was a lack of sufficient explanation? The credit is true. Well, it's just the opposite, Your Honor. The credit is true rule. When there is a lack of sufficient explanation, the credit is true rule does not say it goes back for further explanation. The credit is true. No, no, I wasn't the person. Okay, maybe I'm just not getting it. I'm sorry. The question is, what's the best case that says that the credit is true rule applies where there's an insufficient explanation by the ALJ? Thank you. Okay. Maybe it took twice for me to get it. I'm sorry. There's a lot. My hesitancy is not because I'm not sure. My hesitancy is because I want to pick the best case. I would pick Lester. Say what? Lester, L-E-S-T-E-R as the best case. But there are, you know, Smolin said that because the ALJ ignored the evidence. Lingenfelter said that because the ALJ ignored the evidence. Not just didn't give any explanation at all. So that whole line of cases. That's the question. All right. Let's assume that Ferris's question, if suppose he gave no explanation. Do we then have to find some facts that would support a decision that would give rise to credit as true? Or is it enough to say he gave no explanation? And we don't have to find any facts. But because he gave no explanation, then we credit the plaintiff's testimony or the doctor's testimony. Or the doctor's records. We don't have to find that they're true, but we just credit them because under the legal rule, we credit them. Rather than having to find anything. Fact, is that the answer to the question? Or is that the right rule? I have no doubt about it. It is the right rule. You used a phrase there that makes me a little bit nervous. You said, do we need to find facts? Obviously, a court of appeals is not the fact finder. Well, that's right. That's what Judge Ferris asked his question. So I understand that. But what I'm saying is, to recognize the facts that the record already establishes, here the treating neurologist, here the treating nurse practitioner, here the patient expert's uncontradicted testimony, that is not the court serving as an independent fact finder. Those facts already are in the record. This court merely recognizes what the impact of those facts are. That's not quite right. The question is, let's say that ALJ gives no reason. I just find you're disabled. And I'm not going to listen to the doctor. And he won't give any reasons. He just says, I discredit the doctor. And he doesn't give an explanation. Now, are we then saying, well, you credit the doctor. Are we saying that as a factual determination we make, or are we applying a legal rule that says if there is no explanation, then you credit the doctor? It's the latter. You are applying a legal rule that says if there is no other evidence that needs resolving, there are no other conflicts, and that evidence establishes disability. No, I'm not talking about a conflict or anything else. I'm just saying if the ALJ says I don't credit the doctor without any explanation, is there a legal rule that says we therefore credit the doctor because you can't discredit him without an explanation? Or are we making a factual finding that the doctor's testimony is correct? You are accepting the doctor's opinion is true, and the two cases that talk about that are Lingenfelter and Smolin, where the ALJ simply didn't give any reasons at all for rejecting the testimony. In both of those cases, this Court said that that would mean that the person is disabled. Now, here the district court recognized that. The district court said at ER25 if Dr. Wang's opinion was accepted in conjunction with the vocational expert I'm quoting directly, it would show the claimant to be disabled. Likewise, the district court said at ER25 if nurse practitioner Anderson's assessment accompanied by the vocational expert testimony were accepted, it would, quote, show the claimant to be disabled. The district court's already made that determination. And that is why the credit as true rule should apply here. May I reserve? If you have more questions, I'll stay here. Well, I don't want to hear Judge Ferris ask the question. I was just trying to clarify your answer to it. Did I? I have no further questions. Okay. I want to be clear on what I'm asking for, because I said before. I think the total is all you can tell us. If you don't ask for it, you're not going to get it. So thank you. Morning, Your Honor. I think it's your first time. Yes. Ever? Yes, this morning. Ever. In front of us. Well, I can tell. Thank you. It was more obvious than you wish. Yeah, apparently. Well, you're off to a good start. Well, thank you. My name is Laura Holland, and I represent the Commissioner. May it please the Court. This, too, is a case about remedy. The District Court already found merit in Garrison's claims that the ALJ did not provide sufficient reasons for rejecting two medical source opinions in the record. The District Court then found that it was unclear from the record whether Garrison was actually disabled, as defined by the Act, and accordingly remanded the case for further proceedings. Garrison takes issue with the Court's decision regarding her remedy, a decision that was within the discretion of the District Court, and argues that those opinions should be credited as true and that they conclusively establish her disability. There are a few problems with this argument. First, it was within the District Court's discretion to determine the proper remedy. Second, she must show that further proceedings would merely delay an inevitable receipt of disability benefits, which she cannot do. For these reasons, the Commissioner respectfully submits that the District Court did not abuse its discretion when it remanded the case. As Judge Ferris has pointed out already, the record is not clear that this case establishes disability, and it would require fact-finding by the Court. The three issues, the three opinions that are at issue here are Dr. Wang's opinion that Garrison's pain would affect her ability to concentrate, and Nurse Anderson's two opinions, which differed. So that would require, the Court can't credit both of those two differing opinions as true, because they're different. And so they then, in and of themselves, establish that there is further fact-finding that is necessary in this case. May I ask you one question here? Does Garrison have to establish both the physical impairment and the mental impairment, or is either one by itself enough? Well, either one by itself would be enough. But here there seems to be an overlap in the physical and the mental impairments. Now, she has back pain, and she also has some mental diagnoses. But, for example, Dr. Wang's opinion, Dr. Wang is a treating neurologist, and his opinion starts out speaking to her pain, that she has moderately severe pain. But that pain, he opines, goes to her abilities, her mental abilities. He says frequently interferes with her attention and concentration and the ability to complete tasks in a timely manner. So even if you credit that opinion as true, the Commissioner's position is that still does not establish her disability, because the question that was posed to the vocational expert here certainly cited Dr. Wang's opinion, and also in a separate question cited Nurse Anderson's opinion. And in response to both of those questions, the vocational expert testified that this person, this hypothetical individual, would not be able to perform work. But the question still remains is that a hypothetical residual functional capacity is the most a claimant can do, despite her limitations. And these opinions are not a residual functional capacity. So even if their credit is true, you're still left with the question of what can this person do, assuming she has the limitations set forth in these opinions. And as this Court recognized in Substantial Sin, moderate, saying moderate and severe, is not a concrete enough limitation to then pose a question to the vocational expert that adequately discusses what this person's limitations are and what she can do despite those limitations. And that is where our position is that even if you credit all of these opinions as true, which is hard to do because they're conflicting, so you would have to make some sort of findings of fact, at least among Nurse Anderson's two opinions, which one you're crediting and which one, you know, the combination of both, I don't know. But there still needs to be translated into a residual functional capacity. For example, you know, Dr. Wang said that she had deficiencies in concentration. Well, DLJ limited her to simple work, but he could also add frequent breaks or non-fast-paced work and then pose that question to a vocational expert. And I also want to touch on the opinion that I don't think plaintiff's counsel mentioned and I haven't talked about either, which is Dr. General's opinion. He discussed, he examined Garrison, and he's a psychologist, I believe, and he sort of made a very confusing opinion that talks about that she could probably do some simple work, she would have problems with more complex tasks. That being said, he also says that her ability to return to work appears to be poor. And the ALJ said that he gave significant weight to this opinion, but then the residual functional capacity appears to be sort of contrary to this opinion, at least in her ability to perform work. So this is just another reason where it's unclear from the record whether, even if all of these opinions were credited, whether she is in fact disabled under the statute. Does the Court have any questions? Okay. Thank you. Okay. Thank you. I don't have too much, Your Honors, and again, most of my rebuttal is factually based. The district court already determined that rejection of Dr. Wang's opinion based upon lack of mental limitations was erroneous because one addressed pain and didn't have anything to do with mental limitations per se. That's at ER 26. As to Nurse Practitioner Anderson's assessments being contradictory, I remember that they are somewhat different, but in both instances the vocational expert said that would result in a finding that the person couldn't work. So the key areas that Nurse Practitioner Anderson assessed both resulted in the same testimony. I just don't understand this argument about it's not a residual functional capacity assessment when the vocational expert is given the exact limitations assessed by the treating neurologist or the psychiatric nurse practitioner. The vocational expert says no work can be performed. No work can be performed. I don't know how that has to be translated into a residual functional capacity. Lastly, the lack of clarity in Dr. General's opinion is, I think, belied by the record. At ER 514, he states her prognosis for returning to the workforce is currently poor as she had difficulty maintaining concentration and manifested a borderline short-term memory. She did not have sufficient emotional control, and her ability to perform work-related tasks is currently inadequate. I don't know how that could be less than clear. So I just wanted to make those factual observations in terms of the argument the Court has heard. If there are any questions, I'll be happy to answer them. Nope. Thank you, counsel. The case is derogated and will be submitted.
judges: Farris, Reinhardt, Tashima